RECEIVED JUL 21 2020 PRO SE OFFICE

UNITED States District Court,
Southern District of New York

Jorge v Gomez
          Petitioner,

-vs-

United States of America
          Respondent.

17 CIV. 6190 (PGG)

15 Cr. 348 (PGG)

MEMO ENDORSED
The Government is directed to respond by July 31, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge
July 24, 2020

Petitioner File Motion To Be Tranfer to Home Confinement Under 18 U.S.C. § 3582 (c)(1)(A)(i) in Light of the COVID-19 Pandemic

Here comes, Petitioner Jorge Gomez Pro se who avers The following relief. Petitioner will rely on compelling circumstances which turn on Gomez who contracted a deadly disease while in the custody of the B.o.P. Gomez is at greater risk to contracted "COVID-19", Because of Low white cell count. Now lets move along to my Condition of suffering "Salmonella entercolitis" Disease, since Feb 2018. Petitioner also has suffer from "Proctitis, Cryptitis, anal and

Prostatitis" which is not being address By the B.O.P, Which is still causing me pain and infection disease Under this same breach of duty by B.O.P.

Upon this critical problem and COVID-19 which is compelling, Petitioner would rely on record at this time which if the court rely on. See (Basank v. Decker, 2020 WL 148 1503, at 3 C.S.D.N.Y. Mar 26, 2020) ("The Court takes Judicial notice that, for people of age, with underlying health problems, COVID-19 cause severe medical condition and has increased lethality.")

Petitioner Father will address the record when Mr Gomez is at greater risk and the facts that the B.O.P is not giving Mr Gomez the proper treatment. This is compelling for Mr Gomez to be place on Home Confinement so He could go to his Doctor and receive the medical treatment that he needs. See (US vs. Ebbers, No 02 cr 11443, 2020 WL 91399, at 4-5 c.s.D.N.Y Jan 8, 2020) Two

Components of the definition are relevant. First, extraordinary and compelling reasons for modification exist where "The defendant is... suffering from a serious physical or medical condition... that substantially diminishes the ability to provide self-care within he or she is not expected to recover," U.S.S.G. § 1B1.13.

Petitioner meet the extraordinary and compelling reason for modification when mr Gomez is suffering from a serious physical or medical condition...

Wherefore mr Gomez prays Honorable District Court Judge Paul. G. Gardephe Granted PeTitioner Compassionate Release under 18 U.S.C § 3582 (c)(A)(i). See (U.S. vs. Zukerman, 2020 WL 1659880 16 Cr. 194 (AT) S.D. N.Y. April 3, 2020). "To Home confinement"

Date: July 6, 2020                    Respectfully submitted

              X
              Jorge Gomez
              #72297-054
              FCI Allenwood med
              P.O. Box 2000
              White Deer P.A. 1788
                 17887

## CERTIFICATE Of Service

Jorge Gomez Pro se hereby certifies that office of the United States Attorney for the Southern District of New York, should receive copy "Petitioner File A motion to be TRansfer to Home confinement under 18 U.S.C. § 3582 (c)(A)(i) in light of the "COVID-19---Pandemic" upon first class mail:

            Via mail
            Patrick Egan AUSA

Date: July 6, 2020

Name: GOMEZ, Jorge
Reg. No.: 72297-054
Unit: Unit 3A
Page 1

---

### Inmate Request to Staff Response

This is in response to your June 29, 2020, Inmate Request to Staff, wherein you request a Compassionate Release/Reduction in Sentence (RIS) based upon medical conditions.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS has been reviewed. Our records indicate you are 44 years old. Your medical record does not indicate you suffer from a chronic or serious medical condition. You are not disabled or unable to perform activities of daily living. You do not have a condition that diminishes your ability to function in a correctional environment. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

Accordingly, your request for Compassionate Release/RIS is denied. If you are not satisfied with this response to your request, you may appeal this decision through the Administrative Remedy Process.

7/8/2020
Date

Catricia L. Howard
Warden

**Administrative Remedy No. 985252-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you allege you have a re-occurring salmonella disease and you assert you have not been properly diagnosed or treated for your condition. For relief, you request this matter be remanded back to the Regional Director for further consideration under a Federal Tort Claim Act action.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal. Our succeeding review reveals you have been evaluated by Health Services on multiple occasions for your gastrointestinal (GI) complaints, and have had adjustments in your health care as clinically needed.

Further review reveals you were originally evaluated on February 1, 2018, and reported your symptoms started on January 26, 2018. Based on the symptoms reported, the provider recommended you purchase some over-the-counter (OTC) medication. A review of your commissary purchases demonstrates that you did not purchase the recommended treatment. A prescription was provided the next day for the OTC suppositories, and then on February 3, 2018, you were evaluated again and sent to the local emergency room. You were admitted and diagnosed with colitis. During your hospitalization, biopsies were taken, and based the information you provided, one of the things that could have caused your colitis is salmonella. There were numerous other items that could have caused your colitis.

You have received treatments and follow-ups for your condition. Specifically, on August 8, 2018, a letter was sent to your provider team stating that the colon biopsies obtained during a follow-up colonoscopy was clear and did not show any signs of colitis. On October 4, 2019, it is documented you claimed to have a problem after eating meats with spices, but had normal bowel movements while in the Special Housing Unit (SHU). A dietician consult was entered, and is scheduled at a future date. There is nothing in your record concluding that your colitis was caused by salmonella, or has there been any confirmation on the cause of the colitis.

Your primary care team will continue to make recommendations as needed. As recommendations are made, a course of treatment will be determined. Given this, we shall defer diagnostic testing and treatment interventions to the Health Services staff at the local level.

**Administrative Remedy No. 985252-A1**
**Part B - Response**
**Page 2**

The record reflects you have received medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons. You are encouraged to comply with proposed medical treatment so Health Services can continue to provide essential care and to contact medical personnel through routine sick call procedures should your condition change.

You should be aware that complaints pertaining to injury from alleged staff negligence claims are best addressed using the statutorily-mandated procedures. Such forms are available from your Unit Team.

Considering the foregoing, this response is provided for informational purposes only.

1\13\20
Date

Ian Connors, Administrator
National Inmate Appeals

INMATE NAME/NUMBER: Jorge Gomez 93297-054
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD medium
P.O. BOX 2000
WHITE DEER, PA 17887

Legal Mail



Court clerk
U.S. District Court
500 pearl st
New York NY 10007

Pro Se Intake