RECEIVED JUL 21 2020 PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jorge V Gomez
            Petitioner,        17 CIV. 6190 (PGG)

-VS-                                  15 Cr. 348 (PGG)

United States of America
            Respondent.

Petitioner File Motion To
Be Tranfer to Home Confinement
Under 18 U.S.C. § 3582 (c)(1)(A)(i) in
Light of the COVID-19 Pandemic

   Here comes, Petitioner Jorge Gomez Pro se who avers The following relief. Petitioner will rely on compelling circumstances which turn on Gomez who contracted a deadly disease while in the custody of the B.O.P. Gomez is at greater risk to contracted "COVID-19", Because of Low white cell count. Now lets move along to my condition of suffering "Salmonella entercolitis" Disease, since Feb 2018. Petitioner also has suffer from "Proctitis, Cryptitis anal and

MEMO ENDORSEMENT

The application for compassionate release is denied. Gomez pled guilty to conspiring to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Plea Tr. (Dkt. No. 106)) On April 14, 2017, this Court sentenced him to 155 months' imprisonment. (Sentencing Tr. (Dkt. No. 167) at 17) According to the Bureau of Prisons ("BOP") website, Gomez is currently being held at a prison camp located at FCI-Allenwood Medium, with a projected release date of October 7, 2026.

In a July 6, 2020 submission, Gomez contends that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582, because of risks to his health presented by the COVID-19 virus. (Def. Mot. (Dkt. No. 224)) Gomez claims that he suffers from "salmonella entercolitis . . . proctitis, cryptitis anal, and prostatitis." (Id. at 1-2) Gomez also claims that the BOP has not treated his colitis conditions and prostatitis adequately. (Id. at 2)

As an initial matter, the Government has submitted medical records indicating that BOP medical staff diagnosed Gomez with colitis and conducted numerous follow-up assessments of that condition. (July 31, 2020 Govt. Ltr. (Dkt. No. 227), Ex. A) Accordingly, Gomez has not demonstrated that his colitis conditions and prostatitis is not being addressed. Moreover, these medical conditions do not make Gomez more susceptible to the COVID-19 virus, or cause him to have a worse prognosis if he were to become infected. See People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at- higher-risk.html (last visited August 3, 2020). The Court also notes that – according to the BOP's website – FCI-Allenwood Medium has not had a single documented case of COVID-19 among inmates.

To grant compassionate release, a court must find "that such a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582, as set forth in Section 1B1.13 of the Sentencing Guidelines, which requires a court to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A). The fact that Gomez was convicted of conspiring to distribute and possess with intent to distribute five kilograms of cocaine demonstrates that he presents a danger to the community. 18 U.S.C. § 3142(e). Moreover, Gomez was convicted of multiple crimes before the instant offense, and was involved in large-scale distribution of heroin prior to his arrest in this case. (Sentencing Tr. (Dkt. No. 212) at 12-14) At sentencing, this Court concluded that Gomez presented a high risk of recidivism, and sentenced him to a term of imprisonment within the applicable Guidelines range of 140 to 175 months' imprisonment. (Id. at 14-15) Gomez has served less than half of his sentence, and has more than six years' imprisonment remaining.

In sum, even if Gomez had demonstrated that he suffered from pre-existing conditions that make him more susceptible to the COVID-19 virus – given the favorable conditions at FCI-Allenwood – this risk is outweighed by compelling evidence that Gomez's release at this time would compromise the safety of the community.

For these reasons, Gomez's application for compassionate release is denied.  See United States v. Eric Fernandez, No. 12-CR-844 (AJN), 2020 WL 3034799, at *3 (S.D.N.Y. June 5, 2020) (denying compassionate release motion of 51-year-old Fort Dix inmate with hypertension and diabetes in part because he "played a significant role in trafficking a very large amount of cocaine" and "served only roughly half of his sentence").  The Clerk of the Court is directed to terminate the motions (15 Cr. 348, Dkt. No. 224; 17 Civ. 6190, Dkt. No. 41).  A copy of this memo endorsement will be mailed to Defendant by Chambers.

Dated:  New York, NY

August 4, 2020

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge